Filed 3/12/25  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C100553 |
| v. | (Super. Ct. No. 97F04385) |
| MICHAEL BROWN III, | |
| Defendant and Appellant. | |

Defendant Michael Brown III appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel asked this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant was notified that he had 30 days to file a supplemental brief.

---

[1] Undesignated statutory references are to the Penal Code.  Defendant's petition was filed under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.) We will refer to the current section.

1

In his supplemental brief, defendant contends (1) his parole hearing statements should not have been considered; (2) because he was 19 years old at the time of the crimes, his youth should have been considered; and (3) he is entitled to resentencing because his conviction for attempted murder was based on the natural and probable consequences doctrine. Finding no merit in defendant's contentions, we will affirm the trial court's denial of the petition for resentencing.

BACKGROUND

In May 1997, a baptism celebration ended in a shooting when defendant and codefendants Matthew Peter Michel and John Franklin Taylor fired at R.S. and Crisanto Guerrero, seriously injuring R.S. and killing Guerrero.[2] A jury convicted defendant of second degree murder (§ 187) and attempted murder (§§ 664/187) and found true allegations that defendant was a principal in the crimes and that a principal was armed with a firearm (§ 12022, subd. (a)). The trial court sentenced defendant to a determinate prison term of nine years and an indeterminate term of 15 years to life.

Defendant filed a first section 1172.6 petition, which the trial court denied at the prima facie stage in February 2020. In July 2022, defendant filed a second petition and the trial court issued an order to show cause. The trial court received additional briefing from the parties, conducted an evidentiary hearing, and denied the second petition.

Additional background is set forth in the discussion as relevant to the contentions on appeal.

APPLICABLE LAW

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), the Legislature amended the law "to ensure that murder liability is not

---

[2] We derive these facts from the opinion of this court on direct appeal. (*People v. Brown* (Mar. 6, 2001, C032002) [nonpub. opn.].) We do not rely on the facts set forth in that opinion to resolve the issues raised in this appeal.

imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  It also added section 1172.6, which allows those convicted of murder under a now-invalid theory to petition the trial court for resentencing.  (§ 1172.6, subd. (a).)  If the defendant makes a prima facie showing of entitlement to relief, the trial court must issue an order to show cause and hold an evidentiary hearing.  (§ 1172.6, subds. (c), (d).)

Upon issuance of an order to show cause, the prosecution bears the burden to "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)  With certain exceptions, admission of evidence at an evidentiary hearing under section 1172.6 is governed by the Evidence Code.  (§ 1172.6, subd. (d)(3).)  "The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*)  "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

The California Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded that such procedures are not required.  (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.)  The Supreme Court explained that when a defendant files a supplemental brief in such an appeal, we must evaluate the specific arguments presented in the brief, but we need not conduct an independent review of the entire record to identify unraised issues. (*Id*. at p. 232.)

DISCUSSION

I

Defendant contends his parole hearing statements should not have been considered.

At the evidentiary hearing on November 17, 2023, the trial court admitted into evidence the clerk's transcript, reporter's transcript, and exhibits from defendant's original trial. On January 30, 2024, the People submitted defendant's parole hearing transcript under section 1172.6, subdivision (d)(3), explaining that the transcript had been referenced in the briefs and during the evidentiary hearing.

In its order denying defendant's petition, the trial court indicated it had reviewed the trial and parole hearing transcripts and derived its statement of facts from the trial evidence and from defendant's sworn statements at his parole hearing. Citing *People v. Mitchell* (2022) 81 Cal.App.5th 575, 580 (*Mitchell*), the trial court noted that "[s]worn statements made by a defendant to the parole board are admissible in Section 1172.6 petitions."

The trial court's statement of facts in the order included references to defendant's testimony at the parole hearing that he was normally armed with a firearm and had been carrying a gun since the age of 13. Regarding the crimes in May 1997, defendant testified that when a confrontation between R.S. and another man escalated from words to blows, defendant was approaching the altercation when he heard gunshots. From behind a parked car, defendant could see Guerrero and R.S. inside a Cadillac. Defendant pulled out his weapon and began firing at the Cadillac until he had expended all the rounds in his .38-caliber revolver. Defendant testified that he did not know how many people were shooting at the Cadillac, but he assumed his codefendants were, because he knew they were armed, and he could hear shots being fired.

In his supplemental brief, defendant acknowledges the appellate court in *Mitchell* held that parole hearing transcripts are admissible at an evidentiary hearing under the

"new or additional evidence" language in section 1172.6, subdivision (d)(3). (*Mitchell*, *supra*, 81 Cal.App.5th at p. 586; see also *People v. Zavala* (2024) 105 Cal.App.5th 366, 373 (*Zavala*); *People v. Myles* (2021) 69 Cal.App.5th 688, 697-703.) But he argues the transcripts should not have been considered because his statements at the hearing were involuntary. Defendant claims he was brainwashed and coerced by mandatory self-help classes and statements made by the board that he should not contradict facts set forth in this court's opinion on direct appeal or in the probation report. Defendant contends the parole hearing had a coercive atmosphere because defendant understood his codefendants had been found suitable for parole when they admitted being actual shooters and killers.

However, in *Zavala*, this court explained that because a prisoner's refusal to discuss a crime at a parole hearing cannot be held against them, and because there is no requirement or compulsion that the prisoner speak on their own behalf or admit guilt as a condition of parole, a defendant's decision to speak at a parole hearing does not establish that such testimony was compelled or involuntary. (*Zavala, supra*, 105 Cal.App.5th at pp. 376-377; *People v. Anderson* (2022) 78 Cal.App.5th 81, 90; § 5011, subd. (b); Cal. Code Regs., tit. 15, § 2236; *In re McDonald* (2010) 189 Cal.App.4th 1008, 1023 ["the express provisions of Penal Code section 5011 and section 2236 of title 15 of the California Code of Regulations prohibit requiring an admission of guilt as a condition for release on parole"].)

Defendant points to a statement by the presiding commissioner that defendant would be given the opportunity to correct or clarify the record but the parole hearing was not a setting to retry the case. The commissioner's statement was not a direction to confess to details of the crime, and in any event, like in *Zavala*, defendant was represented by counsel at the parole hearing. (*Zavala, supra*, 105 Cal.App.5th at p. 377.)

Defendant suggests he was never notified that the parole hearing transcript would be considered in connection with his resentencing petition, but the brief filed by the People prior to the evidentiary hearing stated an intention to rely on the parole hearing

transcript, citing *Mitchell*, and quoted from the transcript. In briefing and at the hearing, defendant objected to the trial court's consideration of statements made at the parole hearing, but also quoted from statements defendant had made at the parole hearing.

The challenge to consideration of the parole hearing transcript lacks merit.

II

Defendant next argues that because he was 19 years old at the time of the crimes, the trial court should have considered his youth.

In ruling on the petition for resentencing, the trial court found defendant guilty beyond a reasonable doubt of implied malice murder under an aiding and abetting theory. Defendant notes that in *People v. Pittman* (2023) 96 Cal.App.5th 400, the appellate court concluded the defendant's youth was a relevant factor in determining whether he formed the requisite mental state for implied malice murder. (*Id.* at pp. 417-418.) Because courts had concluded " ' "hallmark features of youth" ' " (*id.* at p. 418) were relevant to criminal culpability under the " 'reckless indifference to human life' " standard for felony murder (*id.* at p. 417), which is similar to the implied malice mental state of "conscious disregard for human life" (*ibid.*), the court in *Pittman* concluded that the defendant's youth should be considered as a factor in the totality of circumstances bearing on whether the defendant acted with implied malice. (*Id.* at p. 417.)

Here we find no error, because the trial court considered defendant's youth. The trial court stated in its written order: "In considering whether [defendant] knew shooting at [a] vehicle with a person inside was dangerous to human life, this Court is satisfied that [defendant] was well aware of the dangers. Despite [his] youth at the time of the offense[--] he was nineteen years old[--] this Court believes that an individual with [defendant's] life experience and knowledge would know that multiple shooters opening fire on a person inside a vehicle would be dangerous to human life. By the time of the incident, [defendant] had discharged his gun at least two other times in close proximity to individuals. [His] familiarity with guns would have given him sufficient knowledge to

6

appreciate how dangerous shooting at a person in a vehicle could be. Furthermore, [defendant's] decision to take cover behind [a] vehicle once shots were fired reveal that he understood the dangers associated with gunfire."

The record indicates the trial court considered defendant's youth but concluded he acted with implied malice. (*See People v. Oliver* (2023) 90 Cal.App.5th 466, 489 [youthful offender knew the incident involved a " ' "grave risk of death[,]" ' " yet he actively participated]; see also *Mitchell, supra*, 81 Cal.App.5th at p. 595 ["[E]very 18 year old understands bullet wounds require attention. The fact of youth cannot overwhelm all other factors"].) Defendant's contention fails.

### III

Defendant further claims he is entitled to resentencing because his conviction for attempted murder was based on the natural and probable consequences doctrine.

Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 1, subd. (a)) (Senate Bill 775) expanded the section 1172.6 petition process to include individuals convicted of attempted murder under the natural and probable consequences doctrine. (*Delgadillo, supra*, 14 Cal.5th at p. 223, fn. 3.) Defendant points out that the People relied on the natural and probable consequences doctrine as one of its theories at trial, and the trial court instructed the jury on the doctrine.

In the trial court's order after the evidentiary hearing, however, the trial court found defendant guilty beyond a reasonable doubt of attempted implied malice murder on a direct aiding and abetting theory, not under the natural and probable consequences doctrine. Direct aiding and abetting an implied malice murder remains a valid theory of liability for murder after the amendments made by Senate Bill 1437 and Senate Bill 775. (See *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 589-591; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 391-392 ["we join the chorus of appellate authorities . . . which have uniformly upheld aiding and abetting implied malice murder as a viable form of murder

liability, notwithstanding the legislative changes effectuated by Senate Bill 1437 and Senate Bill 775"].)

DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

/S/
MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
MESIWALA, J.